UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shelly Christianson,                                    Civil No. 17-1525 (DWF/TNL)

        Plaintiff,

v.                                                                          **ORDER**

Ocwen Loan Servicing, LLC,

        Defendant.

_____

Anthony P. Chester, Esq., and Robert L. Hyde, Esq., Hyde & Swigart, Esq., counsel for Plaintiff.

Margaret Ann Santos, Esq., Hinshaw & Culbertson LLP, counsel for Defendant.
_____

This matter is before the Court on a motion to stay (Doc. No. 8) and a motion to dismiss (Doc. No. 24), brought by Defendant Ocwen Loan Servicing, LLC. For the reasons set forth below, the Court grants the motion to stay and denies the motion to dismiss as moot at this time, without prejudice to Defendant to re-file the motion to dismiss after the stay is lifted with calendar priority for a decision.

Plaintiff Shelly Christianson brings this action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and common law negligence claims. (*See generally* Doc. No. 1 (Compl.).) Specifically, Plaintiff alleges that Defendant called Plaintiff on her cellular telephone via an "automatic telephone dialing system" ("ATDS"), as ATDS is defined under the TCPA. (Compl. ¶¶ 20-38.) Defendant

moves to stay this case pending a decision in *ACA International v. FCC*, Civ. No. 15-1211 (D.C. Cir.).

The TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). One issue before the D.C. Circuit Court of Appeals in *ACA International* is whether the term "capacity" in the TCPA means the "present ability" or "current capacity" of the equipment at the time the calls were made, or the "future ability" or "potential capacity" to generate and dial random or sequential numbers. *See Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 820 (2016) (granting a stay in TCPA case pending a ruling in *ACA International*). Defendant asserts that the D.C. Circuit Court of Appeals is set to rule on various issues that could affect the FCC's definition of an "autodialer," and further that the D.C. Circuit's decision may be dispositive of Plaintiff's claims or at least narrow or clarify the issues at stake here. Plaintiff opposes the motion to stay, arguing that she will be prejudiced by the delay and that Defendant has failed to establish any genuine hardship if the stay is denied.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). In considering whether to stay proceedings, the Court considers relevant factors,

including the conservation of judicial resources, maintaining control of the court's docket, providing for the just determination of cases, as well as the potential for duplicative efforts and wasted resources of the parties and hardship to the party opposing the stay. *Edens v. Volkswagen Grp. of Am., Inc.*, Civ. No. 16-0750, 2016 WL 3004629, at *1-2 (D. Minn. May 24, 2016) (citations omitted). The proponent of a stay bears the burden of establishing the need for a stay. *Id.*

Having considered the parties' arguments, the relevant factors, and based on the circumstances of the present case, the Court determines that a stay is warranted. First, the stay will be limited in duration—until a decision by the D.C. Circuit Court of Appeals in the *ACA International* case is issued. In addition, should a decision not be issued in the next sixty days, the parties will submit a status report outlining their respective positions on continuing or lifting the stay. Second, a stay in this case will prevent the parties from incurring unnecessary fees and expenses. Third, the D.C. Circuit's decision will clarify, and perhaps streamline, the legal issues presented in this case and, in turn, will focus discovery. Finally, a delay of a few months will not unduly prejudice Plaintiff.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Stay (Doc. No. [8]) is **GRANTED**.

2. This case is **STAYED** until the D.C. Circuit Court of Appeals issues a decision in *ACA International v. FCC*, Civ. No. 15-1211 (D.C. Cir.), or until the Court reopens the case.

3. Defendant shall submit a letter to the Court, filed on CM-ECF, within ten (10) days of the D.C. Circuit Court of Appeals' decision in *ACA International v. FCC*, Civ. No. 15-1211 (D.C. Cir.).

4. Should there be no decision in *ACA International v. FCC*, Civ. No. 15-1211 (D.C. Cir.) in sixty (60) days of this order, the parties shall submit a joint status report outlining their respective positions on continuing or lifting the stay.

5. Defendant's motion to dismiss (Doc. No. [24]) is **DENIED AS MOOT** without prejudice to immediately refile the motion after the stay is lifted. The motion will receive calendar priority should a hearing be necessary. If no hearing is necessary (because the issues presented have not changed and the parties rely on the current briefing), then the Court will decide the matter on the papers already submitted.

Dated: November 20, 2017        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge