UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shelly Christianson,  Civil No. 17-1525 (DWF/TNL)

    Plaintiff,

v.  **MEMORANDUM OPINION AND ORDER**

Ocwen Loan Servicing, LLC,

    Defendant.

---

Anthony P. Chester, Esq., and Robert L. Hyde, Esq., Hyde & Swigart, counsel for Plaintiff.

Margaret Ann Santos, Esq., Hinshaw & Culbertson LLP, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant Ocwen Loan Servicing, LLC ("Defendant"). (Doc. No. 39.) For the reasons set forth below, the Court denies Defendant's motion in its entirety.[1]

## BACKGROUND

Plaintiff Shelly Christianson ("Plaintiff") brings this action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and common law negligence claims. (*See generally* Doc. No. 20 ("Am. Compl.").) Plaintiff alleges that

---

[1] On June 30, 2017, Defendant moved to dismiss Plaintiff's original complaint. (Doc. No. 12.) On July 14, 2017, Plaintiff filed an Amended Complaint. (Doc. No. 20.) Defendant then filed the present Motion to Dismiss the Amended Complaint. (Doc. No. 39.)

Defendant called Plaintiff at frequent and unreasonable times in an attempt to collect a debt Plaintiff allegedly owed. (Am. Compl. ¶¶ 5, 24-25). Specifically, Plaintiff alleges that Defendant called Plaintiff on her cellular telephone via an "automatic telephone dialing system" ("ATDS"), as ATDS is defined under the TCPA, and/or using an "artificial or prerecorded voice" as prohibited by the TCPA. (Am. Compl. ¶¶ 19-20.) Plaintiff alleges that she received at least 1,459 calls despite clearly revoking any type of prior express consent and multiple requests to stop. (Am. Compl. ¶¶ 24, 26-28.) The alleged calls occurred between April 2, 2011 and April 7, 2014, and again after December 15, 2015. (Am. Compl. ¶¶ 19-20.)

On October 27, 2014, between the time the alleged calls began and Plaintiff filed suit, a proposed class action alleging claims similar to Plaintiff's was filed against Defendant in Illinois. *See Snyder v. Ocwen Loan Servicing, LLC*, Civ. No.14-08461 (N.D. Ill. Oct. 27, 2014). A limited class was certified on June 28, 2017 and settlement preliminarily approved on October 5, 2017. Order, *Snyder v. Ocwen Loan Servicing, LLC*, Civ. No. 14-08461 (N.D. Ill. Oct. 5, 2017). Plaintiff did not join the class, but filed this action before the class certification was approved.

Plaintiff seeks damages and injunctive relief for the alleged violations of the TCPA, invasion of privacy, and harm and distress caused by Defendant's repeated calls despite her pleas to stop being harassed. (Am. Compl. ¶¶ 5-7.) In her Amended Complaint, Plaintiff asserts the following claims: (1) negligent violations of the TCPA; (2) knowing and/or willful violations of the TCPA; and (3) common law negligence. (Am. Compl. ¶¶ 55-70.) Defendant now moves to limit Plaintiff's TCPA claims based on

the TCPA's four-year statute of limitations and to dismiss her negligence claim with prejudice because Defendant did not owe Plaintiff a duty of care and Plaintiff failed to adequately allege damages caused by any alleged breach of duty. (Doc. No. 39.)

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

3

*Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Statute of Limitations

Defendant seeks to limit Plaintiff's TCPA claims on the grounds that all claims prior to May 9, 2013 are time-barred pursuant to a four-year statute of limitations as defined by 28 U.S.C. § 1658(a). Plaintiff counters that despite the four-year statute of limitations, her claims were tolled pending the *Snyder* class certification pursuant to the *American Pipe* tolling doctrine. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

Under the *American Pipe* tolling doctrine, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. There, with only eleven days remaining under the applicable statute of limitations, the State of Utah filed an antitrust class action against American Pipe on behalf of itself and other public bodies and agencies. *Id.* at 541. After ruling that the suit could not be maintained as a class action, the district court denied applications of putative class members, stating that their claims were barred by the statute of limitations. *Id.* at 543-44. On review, the Supreme Court found that the putative class members could intervene because the filing of the class tolled the statute of limitations on their claims against American Pipe. *Id.* at 560-61. It held that "the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the

4

applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. To hold otherwise, the Court observed, "would frustrate the principal function of a class suit, because then the sole means by which members of the class could assure their participation in the judgment if notice of the class suit did not reach them until after the running of the limitation period would be to file earlier individual motions to join or intervene as parties." *Id.* at 251.

At issue today is whether the tolling doctrine applies when the class action is not dismissed, and, if so, whether a potential class member must wait for the resolution of the class certification before filing an individual claim in order to get the benefit of the tolling. Defendant argues that Plaintiff is ineligible for tolling because she filed suit before the issue of class certification was resolved. Plaintiff maintains that her claims were tolled upon the filing of the *Snyder* action regardless of when she filed her individual claim. This Court agrees with Plaintiff.

Defendant cites a thirty-four-year-old case to suggest that *American Pipe* "does not toll the limitations period for individual actions brought by members of the class while the class still exists." *Pulley v. Burlington N., Inc.*, 568 F. Supp. 1177, 1179-80 (D. Minn. 1983). In the decades since *Pulley*, the interpretation of *American Pipe* has evolved. The majority of courts currently interpret *American Pipe* to extend tolling to individual parties who file suit while the class action is pending. *Wagener v. Ocwen Loan Servicing, LLC.*, Civ. No. 17-1531, 2017 WL 698969, at *4 (D. Minn. Nov. 15,

2017), *report and recommendation adopted*, Civ. No. 17-1531, 2018 WL 471782 (D. Minn. Jan. 18, 2018).

Several courts have also rejected Defendant's argument that tolling applies only to cases filed after a decision on class certification is made. *In re WorldCom Sec. Litig.*, 496 F.3d 245, 256 (2d Cir. 2007); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008); *Wagener*, 2017 WL 698969, at *4. Defendant's argument rests largely on a decision in the Sixth Circuit. *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 567-68 (6th Cir. 2005) (finding that the *American Pipe* tolling doctrine does not apply to claims filed prior to the resolution of class certification). The Sixth Circuit, however, has cast doubt on its own holding, acknowledging that it is the "minority rule" and that the court "may have doubts about its holding." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 789 (6th Cir. 2016). While Defendant points out that *Stein* remains binding in the Sixth Circuit despite its assertions of doubt, the decision is not binding here and this Court is unconvinced.

More persuasively, the Second Circuit concluded that "[t]he American Pipe tolling doctrine was created to protect class members from being *forced* to file individual suits in order to preserve their claims. It was not meant to induce class members to forgo their right to sue individually." *In re WorldCom Sec. Litig.*, 496 F.3d at 256. The Ninth Circuit agreed, explaining that "although the *American Pipe* doctrine protects plaintiffs from being forced to file suit before the certification decision, that doesn't mean that plaintiffs who file before certification are not entitled to tolling. They have a right to file at the time of their choosing and denying tolling would diminish that right." *In re*

6

*Hanford Nuclear Reservation Litig.*, 534 F.3d at 1009 (citing *In re WorldCom Sec. Litig.*, 496 F.3d at 256).

While there is no Eighth Circuit precedent, a recent decision in this district applied the *American Pipe* tolling doctrine to a plaintiff legally and factually similar to Plaintiff. *Wagener*, 2017 WL 698969, at *4. This court agrees with *Wagener* that the policy rationale underlying the minority view of *American Pipe* is unpersuasive. Such an approach implies that class action procedures exist to deter filing individual lawsuits and that tolling is necessary to preserve the right of individual claimants to file suit should the class fail. "The consequence of such a rationale is that putative class members who have already decided not to join the class if one is certified, must nonetheless delay filing their action until certain events occur in the class action they have decided not to join." *Id.* This approach does not promote judicial efficiency, nor does it effectuate the policy underlying the statute of limitations. It *does* diminish a putative class member's right to choose whether or not to participate in the class. The *American Pipe* tolling doctrine is not meant to protect only those putative class members who follow the class action procedure, but *all* putative members.[2]

Here, Plaintiff was a putative class member. The fact that she chose to file her own suit prior to certification of the class does not negate her tolling benefit. Defendant

---

[2] In a letter to the Court dated June 29, 2018, Defendant proposed that the Supreme Court's recent holding in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), should impact this Court's decision. (Doc. No. 47.) This Court agrees with Plaintiff that *Resh* is limited to addressing putative classes that spring from class actions already on file. (Doc. No. 46.) Because Plaintiff brought an individual action, the *Resh* decision is inapplicable.

7

was put on notice of its TCPA violations when the *Snyder* action was filed on October 27, 2014. Pursuant to the four-year statute of limitations, any potential violation by Defendant after October 27, 2010 is subject to liability. Therefore, all of Plaintiff's claims are properly pled.

### III. Negligence

Defendant argues Plaintiff's negligence claim must be dismissed because Defendant owed Plaintiff no duty of reasonable care and because Plaintiff failed to allege a sufficient factual basis that a breach of any purported duty proximately caused any injury.

To prevail on a negligence claim, a plaintiff must establish: "(1) the existence of a duty of care; (2) a breach of that duty; (3) an injury; and (4) that the breach of the duty was a proximate cause of the injury." *Moorhead Econ. Dev. Auth. v. Anda*, 79 N.W.2d 860, 888 (Minn. 2010) (citing *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995)). The existence of a Defendant's duty of care to Plaintiff is a threshold question because "in the absence of a legal duty, the negligence claim fails." *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011) (citing *Flom v. Flom*, 291 N.W.2d 914, 916 (Minn. 1980)). Here, Plaintiff argues that Defendant owed Plaintiff a duty to act with reasonable care, that Defendant breached that duty by failing to prevent foreseeable injury through harmful debt collection practices, and that the breach was a proximate cause of the injury Plaintiff suffered. The Court agrees.

Defendant maintains that because there is no special relationship between lenders and borrowers, Defendant owed no duty to Plaintiff, and therefore did not commit a

8

breach by calling Plaintiff nearly 1,500 times. To this end, Defendant cites two cases involving negligent representation based on statements made by mortgage lenders to borrowers. *See Dunnigan v. Fed. Home Loan Mortg. Corp.*, 184 F. Supp. 3d 726 (D. Minn. 2016); *Nelson v. Saxon Mortg,. Inc.*, Civ. No. 12-1312, 2014 WL 186163 (D. Minn. Jan. 16, 2014). While Defendant is correct that Minnesota does not recognize a special relationship between lenders and borrowers, Plaintiff's claim is not based on such a relationship. It is based on the common law duty of reasonable care.

Reasonable care is "[t]he standard by which the conduct of a person in a particular situation is to be judged in determining whether he was negligent in the care which an ordinary prudent man would exercise under like circumstances." *Klingbeil v. Truesdell*, 98 N.W.2d 134, 139 (Minn. 1959). Minnesota law imposes a duty to act with reasonable care when the defendant's own conduct creates a foreseeable risk of harm to a foreseeable plaintiff. *Domagala*, 805 N.W.2d at 23. Here, Defendant's alleged conduct–repeatedly calling Plaintiff despite Plaintiff's request that Defendant stop–created a foreseeable risk of harm.

Other courts have found that ninety calls in a fifteen-month period was unreasonable, amounting to an invasion of privacy. *See, e.g.*, *Sanchez v. Client Servs., Inc.*, 520 F. Supp. 2d 1149, 1164-65 (N.D. Cal. 2007); *Fausto v. Credigy Servs. Corp.*, 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009). Here, Defendant allegedly placed nearly 1,500 calls–the majority of them in a single year. (Am. Compl. ¶¶ 24-25.) It is plausible that a reasonable person would have foreseen those calls would cause Plaintiff harm.

9

Therefore, Plaintiff has properly alleged that that Defendant breached its ordinary duty of reasonable care to Plaintiff.

Defendant also argues that Plaintiff's complaint must be dismissed because Plaintiff's allegations of mental anguish and frustration are insufficient to support a negligence claim. Nonetheless, the Court finds that Plaintiff's description of injuries including intrusion, invasion of privacy, wasting the battery life of her cell phone, and emotional distress caused by the unwanted calls to be sufficient. The Court can reasonably infer from Plaintiff's allegations that Defendant's continuous collection calls proximately caused Plaintiff's alleged injuries. *Cummings v. Paramount Partners, LP*, 715 F. Supp. 2d 880, 915 (D. Minn. 2010) ("Plaintiffs also have alleged that they suffered an injury and they have presented sufficient factual content from which it is reasonable to infer that the moving Defendant's asserted breach of the duty owed to Plaintiff was the proximate cause of such injury."); *Smith v. Hous. Auth. of S. Bend*, 867 F. Supp. 2d 1004, 1021 (N.D. Ind. 2012) ("From the facts presented in the Amended Complaint, it is reasonable to infer that the injuries described, albeit in general terms, were a foreseeable consequence of the conditions complained of."). This court finds that Plaintiff has satisfied her pleading obligation and her negligence claim will proceed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss the First Amended Complaint (Doc. No. [39]) is **DENIED**.

Dated: September 7, 2018        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge